**Michael P. ALLGOOD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3390.

United States Court of Appeals, Federal Circuit.

June 11, 2001.

Before MAYER, Chief Judge, SCHALL and DYK, Circuit Judges.

DECISION

PER CURIAM.

Michael P. Allgood petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his individual right of action ("IRA") appeal for lack of jurisdiction. *Allgood v. Merit Sys. Prot. Bd.,* No. MB–1221–99–0001–W–1 (Merit Sys. Prot. Bd. Nov. 8, 1999). The Chief Administrative Law Judge ("CALJ") concluded that the disclosures Mr. Allgood alleged he had made did not constitute the disclosure of information that is protected under 5 U.S.C. § 2302(b)(8) and that, therefore, the Board lacked jurisdiction over his appeal. The initial decision of the CALJ became the final decision of the Board on June 7, 2000, when the Board denied Mr. Allgood's petition for review. *Allgood v. Merit Sys. Prot. Bd.,* 86 M.S.P.R. 333 (2000). We *affirm.*

DISCUSSION

I.

Mr. Allgood was employed by the Board as a temporary administrative judge in its

Atlanta, Georgia, Regional Office. The term of his temporary appointment ran from January 20, 1998, until January 21, 1999.

On February 11, 1998, a decision was made to detail the Director of the Atlanta Regional Office to Philadelphia for 120 days so that the Board could investigate certain allegations regarding the Director. Darrell Netherton, one of Mr. Allgood's supervisors, met with the administrative judges of the Atlanta Regional Office on February 23, 1998, to explain the Board's action detailing the Director to Philadelphia. Mr. Allgood alleges that, at this meeting, he made his first protected disclosure, telling Mr. Netherton that the Director's detail "was an abuse of discretion and an act of gross mismanagement" because the Board had failed to give the Director notice of the allegations against him and because the detail risked potential harm to the Regional Office's morale, productivity, and performance. In March of 1998, a management review team was sent to the Atlanta Regional Office to assess any management problems the office was having. The review team interviewed all of the employees, including Mr. Allgood. Mr. Allgood claims he made a second protected disclosure to the review team, repeating the earlier disclosure he had made to Mr. Netherton.

In late 1998, the Board decided to not extend Mr. Allgood's appointment, allowing his appointment to expire. Mr. Allgood alleged that his non-reappointment constituted reprisal for what he characterized as the "disclosures" he had made to Mr. Netherton and the review team. Mr. Allgood sought relief for this alleged retaliation from the Office of Special Counsel ("OSC"). The OSC closed the case without taking action on June 30, 1999. Thereafter, in September of 1999, Mr. Allgood filed an IRA appeal with the Board. On October 1, 1999, the CALJ ordered Mr.

Allgood to show cause in ten calendar days why his appeal should not be dismissed due to the Board's lack of jurisdiction because his alleged disclosures were no more than "general conclusory assessments of the propriety of the Regional Director's detail." The CALJ specifically asked Mr. Allgood to indicate how the statements Mr. Allgood alleged in his appeal constituted disclosures of information under 5 U.S.C. § 2302(b)(8). Mr. Allgood, on October 9, 1999, filed a response to the CALJ's order, asking the CALJ to reconsider the substance of his earlier order and requesting additional time for discovery on the issues of jurisdiction and the potential recusal of the CALJ.

On November 8, 1999, the CALJ issued an initial decision in which he held that the Board lacked jurisdiction over Mr. Allgood's appeal. The CALJ noted that all of Mr. Allgood's alleged communications were general, conclusory statements that simply voiced Mr. Allgood's opinion and failed to "reveal, expose, or otherwise make known any facts, information, or action by the Agency." The CALJ concluded that Mr. Allgood's pleadings did not allege a disclosure that could be considered protected under 5 U.S.C. § 2302(b)(8). The CALJ also denied Mr. Allgood's request for additional time to conduct discovery. The CALJ's initial decision became the final decision of the Board on June 7, 2000, when the Board found no harmful procedural irregularities or clear error of law under the standard of review found in 5 C.F.R. § 1201.13. This appeal followed.

## II.

Our scope of review of the Board's decision is limited. Under 5 U.S.C. § 7703(c), we must affirm the decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir.1995). Jurisdiction is a question of law that we review *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999).

In an IRA appeal, "a petitioner must first establish Board jurisdiction by making non-frivolous allegations that: (1) the petitioner engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) based on the protected disclosure, the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1142 (Fed. Cir.1998). A petitioner also must establish that "(3) he sought corrective action from OSC; and (4) he exhausted corrective action proceedings before OSC." *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573 (Fed.Cir.1996).

Mr. Allgood argues that he made non-frivolous allegations sufficient to establish Board jurisdiction over his appeal. We disagree. The CALJ correctly determined that Mr. Allgood's allegations only indicate that he voiced his opinion, not that he made a protected disclosure, as required under § 2302(b)(8) in order to establish Board jurisdiction. For a disclosure to be protected, the disclosure must contain information that was not already publicly known. *Meuwissen v. Dep't of Interior*, 234 F.3d 9, 12–13 (Fed.Cir.2000). The only "information" that Mr. Allgood disclosed was that the Atlanta Regional Office's Director was being detailed to Philadelphia, information that was provided to Mr. Allgood by Mr. Netherton, the very same person to whom Mr. Allgood alleges he disclosed the information at the February 1998 meeting. At the same time, the comments Mr. Allgood alleges he made consist solely of Mr. Allgood's opinions on the Director's detail--that it was an abuse of discretion, exhibited gross mismanagement, and would harm the Regional Office's morale. Mr. Allgood's opinions on the Director's detail, a publicly known fact, do not amount to a protected disclosure because they do not reveal, expose, or make known any facts or information regarding the detail. Section 2302(b)(8)(A) requires a "disclosure of *information* by an employee or applicant . . . ." (emphasis added). Mere opinion cannot constitute a protected disclosure that supports a whistleblower claim.

Mr. Allgood also argues that the CALJ abused his discretion by denying Mr. Allgood an extension of time to conduct discovery with respect to the Board's jurisdiction and the recusal of the CALJ. He also argues that the Board erred in applying the standard of review under 5 C.F.R. § 1201.13 to his petition for review. We have carefully considered these arguments and do not find any basis for disturbing the decision of the Board.[1]

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.

---

1. As far as Mr. Allgood's challenge to the validity of 5 C.F.R. § 1201.13 is concerned, we note that, in view of the unique facts of this case, Mr. Allgood was not prejudiced by the fact that the Board did not consider his petition for review under the standard of 5 C.F.R. § 1201.115.